OPINION
{¶ 1} Appellant, Nellie Washington Roy, appeals pro se from the judgment of the Butler County Court of Common Pleas, Probate Division, dismissing her complaint with prejudice and removing her as trustee of the Ezra Westcott Washington Trust.
 {¶ 2} The Ezra Westcott Washington Trust ("Trust") has endured a rather tumultuous past, and therefore, a brief history of the Trust is helpful to gain a better understanding of the *Page 2 
issues presented on appeal.
 {¶ 3} Appellant's uncle, Ezra Westcott Washington, died on May 7, 1970, and his will, which created the Trust, was admitted to probate on May 18, 1970. On October 31, 1973, the probate court, pursuant to "Item Twelve" of her deceased uncle's will, appointed appellant as trustee after C.A. Washington, Jr., the original trustee, was removed.[1] On September 10, 1976, a report was filed with the probate court describing appellant's performance as trustee which raised substantial questions regarding her fitness to remain in that position. On June 5, 1986, the probate court, after much litigation, removed appellant as trustee and appointed James Washington ("James"), her brother, as her successor. On June 9, 1992, the probate court denied appellant's motion requesting reinstatement as trustee.
 {¶ 4} On October 3, 1997, James was removed from the trustee position because he "failed to file the fiduciary accounts required by law and otherwise failed to abide by the orders of [the court]." On that same date, the probate court re-appointed appellant as trustee.
 {¶ 5} On November 12, 2004, appellant filed a complaint against James, her brother. In response, James filed a motion to remove appellant, his sister, as trustee. After conducting a hearing on January 16, 2007, the probate court dismissed appellant's complaint against her brother and granted James' motion to remove his sister as trustee. Appellant now appeals the probate court's decision, raising two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE PROBATE COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT ET AL, ALLOWING ABUSE OF PROCEDURE AND ABUSE OF PROCESS, *Page 3 
FAILING TO PROBATE EZRA W. WASHINGTON ESTATE; AND RACIAL DISCRIMINATION BY IGNORING FILINGS SEEKING TO INDITE [sic]. CONSPIRATORS FOR ILLEGAL CONSENT TO WAIVER CONTENTS OF ESTATE DOCUMENT PRESENTED, DISABLING HEIRS TO RECOVER INHERITANCE FROM THE ESTATE OF (SURGEON, DR. EZRA W. WASHINGTON)."
 {¶ 8} Appellant asserts that the probate court's decision to dismiss her complaint and remove her as trustee is error. Appellant lists a number of bases to support her assignment of error, all of which we have considered. Appellant also requests this court to provide her with monetary relief in the amount of $2,500,000 and to implement criminal "charges against the defendants."
 {¶ 9} Appellant's first assignment of error apparently stems from her misconception of the role of the appellate court. An appellate court, in this matter, has limited jurisdiction to review and affirm, modify, or reverse the judgment or final order of a trial court. App. R. 12(A)(1)(a). Therefore, appellant's first assignment of error is overruled.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "THE PROBATE COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN OVERRULING MOTION OF PLAINTIFF, TRANFERRING TRUSTEESHIP TO DEFENDANT WITHOUT CAUSE."
 {¶ 12} Appellant, in her second assignment of error, argues that the probate court erred in appointing her brother as trustee. However, contrary to appellant's belief, the probate court merely removed appellant from her role as trustee and did not appoint her brother as her successor.[2] However, despite appellant's mistake, and in the interest of *Page 4 
justice, we will address her intended argument as to whether the probate court erred in removing her as trustee.
 {¶ 13} Pursuant to R.C. 2109.24, the probate court may remove a testamentary trustee appointed under a will upon a showing of good cause. "The decision whether to remove a trustee lies within the sound discretion of the probate court, and an appellate court will not reverse that decision absent a showing of a clear abuse of that discretion."In re Trust of Bernard, Summit App. No. 24025, 2008-Ohio-4338, ¶ 12. An abuse of discretion is more than just an error of law or judgment; it indicates the trial court's judgment was unreasonable, arbitrary or unconscionable. Hartkemeyer v. Ventling, Butler App. No. CA2007-03-074,2009-Ohio-93, ¶ 29.
 {¶ 14} After conducting a hearing on the motion, the probate court found that appellant had been "steadfast" in her refusal to sell, or cooperate in attempts to sell, trust property encumbered with tax liens later lost to foreclosure or any other trust property currently being operated at a loss. The probate court also found that "[m]any of [appellant's] recent filings have been vexatious and difficult to comprehend." The probate court, in removing appellant as trustee pursuant to R.C. 2109.24, determined that "the interest of this testamentary trust demands that [appellant] be removed as [t]rustee, and that there is good cause for such removal." Appellant has failed to provide this court with a transcript of the hearing, and therefore, we will presume the regularity of the proceedings below. Bowles at 7. As a result, based on the record before this court, we find no error in the trial court's decision to remove appellant as trustee. Accordingly, as there was no abuse of discretion, her second assignment of error is overruled.
 {¶ 15} Judgment affirmed.
BRESSLER and YOUNG, JJ., concur.
[1] Specifically, "Item Twelve" of the Ezra Westcott Washington will stated that "in the event that said C.A. Washington, Jr., * * * is unable to serve or qualified to serve as such Trustee, I then nominate and appoint my niece, [appellant] to serve as such contingent Trustee * * *." C.A. Washington, Jr. was removed as trustee on March 16, 1972 for failure to comply with the orders of the probate court.
[2] There is no indication in the probate's court opinion, or in its judgment entry, that it appointed her brother to replace her as the trustee of the Trust. In fact, the probate court notes in its judgment entry that "any interested party may file an application for appointment as the successor trustee of the [Trust] * * *." *Page 1